■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ROSA, Appellant. [633 NYS2d 8] —Judgment, Supreme Court, New York County (Paul Bookson, J.), rendered April 23, 1993, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $8^1/_2$ to 17 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of 5 to 10 years, and otherwise affirmed.

The evidence was legally sufficient to support defendant's conviction for criminal possession of a controlled substance in the third degree. A police officer, utilizing high powered binoculars while positioned on a rooftop directly across the street, observed defendant remove a glassine filled with heroin from a cigarette box, which had been hidden under the front of a parked car, and exchange it for money. The officer's testimony was not rendered incredible simply because he could not recall whether there were other people on the street at that time, and could not give a minutely detailed description of the unapprehended buyer.

We find the sentence excessive to the extent indicated. Concur—Murphy, P. J., Asch, Nardelli and Mazzarelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VAUGHN JONES, Appellant. [633 NYS2d 7] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered May 13, 1994, convicting defendant, after non-jury trial, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 5 to 10 years, unanimously affirmed.

Viewing the evidence in a light most favorable to the People, defendant's guilt of second degree robbery was proven by legally sufficient evidence. Defendant threatened the complainant with words and gestures, and ripped the complainant's gold chain from his neck (*see, People v Henry*, 204 AD2d 187, 188, *lv denied* 84 NY2d 826), while aided by another. Upon exercise of our factual review power, we find that the verdict was not against the weight of the evidence. Concur—Murphy, P. J., Asch, Nardelli and Mazzarelli, JJ.